UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation, <br><br> Plaintiff, <br><br> v. <br><br> AMISH P. SHAH, an individual, JOSE A. RIVERA, a/k/a JAY STYLES, an individual, DIGISPACE SOLUTIONS LLC, a California Limited Liability Company, YMULTIMEDIA LLC, a California Limited Liability Company, and DOES 1-50, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

Plaintiff Microsoft Corporation ("Microsoft") brings this action against DEFENDANTS AMISH P. SHAH, JOSE A. RIVERA a/k/a JAY STYLES, DIGISPACE SOLUTIONS LLC, YMULTIMEDIA LLC (hereinafter, the "Named Defendants"), and DOES 1-50 (each a "Defendant" and collectively, "Defendants"), and alleges as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.      This is a complaint for an injunction, damages and other appropriate relief to stop Defendants from violating Microsoft's trademark and service mark rights by registering one or more Internet domain names that are identical or confusingly similar to Microsoft's trademarks and service marks, and by using such domain name(s) in bad faith to profit from Microsoft's

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

marks.  In this action, Microsoft alleges:  (1) Violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (2) Trademark Infringement, 15 U.S.C. § 1114; (3) False Designation of Origin, 15 U.S.C. § 1125(a); (4) Trademark Dilution, 15 U.S.C. § 1125(c); (5) Unfair Business Practices, RCW § 19.86 *et seq*.; (6) Unfair Competition under Washington common law; and (7) Unjust Enrichment under Washington common law.

2.      This Court has subject matter jurisdiction over Microsoft's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.      This Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this district and have committed a tortious act within this district.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Microsoft's claims occurred in this judicial district.

## II.      THE PARTIES

5.      Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, WA.

6.      On information and belief, Defendant Amish P. Shah is an individual residing at 12 McMartin Ct 7N, Jersey City, NJ 07305 and/or 2323 Broadway Ste 202, San Diego, California 92102.  On further information and belief, Defendant Amish P. Shah registered, uses, owns or co-owns one or more Infringing Domain Names (*see infra*, Paragraph 25) and/or otherwise infringed one or more Microsoft trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

7.      On information and belief, Defendant Jose A. Rivera, also known as Jay Styles, is an individual residing at 1049 Laguna Seca Loop, Chula Vista, California 91915.  On further information and belief, Defendant Jose A. Rivera registered, uses, owns or co-owns one or more Infringing Domain Names and/or otherwise infringed one or more Microsoft trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

8.      On information and belief, Defendant Digispace Solutions LLC is a limited liability company organized under the laws of California, with a principal place of business at

2

1080 Park Blvd Suite 1805, San Diego, California 92101, and for whom Amish Shah serves as founder and Chief Executive Officer. On further information and belief, Defendant Digispace Solutions LLC registered, uses, owns or co-owns one or more Infringing Domain Names and/or otherwise infringed one or more Microsoft trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

9.      On information and belief, Defendant yMultimedia LLC is a limited liability company organized under the laws of California, with a principal place of business at 1041 Market Street #191, San Diego, California 92101. On further information and belief, Defendant yMultimedia LLC was founded by Amish Shah and Jose Rivera as a division of Defendant Digispace Solutions LLC. On further information and belief, Defendant yMultimedia LLC registered, uses, owns or co-owns one or more Infringing Domain Names and/or otherwise infringed one or more Microsoft trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

10.     Microsoft is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 50, but alleges on information and belief that each of them is in some way responsible for the wrongs alleged herein. Microsoft will amend this complaint to plead their true names and capacities when ascertained.

11.     Microsoft is informed and believes, and thereupon alleges, that each of the Defendants is, and at all times mentioned herein was, the agent of each of the other Defendants in that at all time herein mentioned each of the Defendants was authorized and empowered by each of the other Defendants to act, and did act, as the principal or agent of each of the other Defendants. Microsoft further alleges that each and every allegation regarding Defendants contained herein was done by each Defendant in the course and scope of said agency and in the capacity of and as principal or agent for, each of the other Defendants and with the permission and consent of each co-Defendant.

### III.    MICROSOFT'S BUSINESS AND TRADEMARKS

12.     Microsoft is a world leader in the development of software and related products for a wide variety of personal, business, government, and academic uses. Microsoft offers a

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

3

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

broad range of products and services, including, but not limited to, computer software such as the Microsoft Windows operating system and Microsoft Office and Internet and electronic mail services such as MSN and Windows Live services, to name a few.  Microsoft's software products include instant messenger programs such as MSN Messenger, Windows Live Messenger, and Windows Messenger.

13.    Microsoft owns registrations for a number of trademarks and service marks that it uses to identify its products and services in the marketplace.  Among the marks owned by Microsoft are the following registered marks (collectively the "Microsoft Marks"): MSN® and WINDOWS®.  Microsoft has spent millions of dollars promoting the goods and services under the Microsoft Marks, and millions of people are using the goods and services associated with those marks.

14.    Since at least March 7, 1995, Microsoft has used in commerce the trademark and service mark MSN® to promote computer hardware and software products as well as for a broad array of on-line information and electronic communication services.

15.    Microsoft owns the following United States Trademark Registrations for its MSN mark in connection with the following goods and services, which as listed below reflect any updates made through statutory maintenance filings:

| Reg. No. | Reg. Date | Goods and Services |
|----------|-----------|--------------------|
| 2,153,763 | 4/28/1998 | Computer programs for transmitting and receiving electronic mail, text graphics, audio, video and other data from a remote computer network and for accessing global communications networks; computer programs for accessing interactive games and on-line shopping services; computer programs for accessing information in a wide variety of fields including news, entertainment, music, travel, investments, sports, computers, parenting, and general reference information. |
| 2,191,997 | 9/29/1998 | Providing information concerning travel and travel-related subjects over computer networks and global communication networks; providing information concerning motor vehicles over computer networks and global communication networks. |

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

4

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

| Reg. No. | Reg. Date | Goods and Services |
|---|---|---|
| 2,191,998 | 9/29/1998 | Providing information in the fields of investment and finance over computer networks and global communication networks. |
| 2,201,105 | 11/3/1998 | Providing information in a wide variety of non-music related fields over computer networks and global communication networks; providing general reference information over computer networks and global communication networks; providing information concerning parenting and children's health, nutrition, and well being over computer networks and global communication networks; providing information concerning computers and  computer software over computer networks and global communication networks; providing access to computer data bases and web sites of others in various fields by means of a global communications network; providing bulletin board services and chat services by means of global communication networks; electronic mail services. |
| 2,342,096 | 4/18/2000 | Computerized on-line retail services in the field of general merchandise such as books, clothing, cars, computers, software, gifts, groceries and food, toys, music, electronics, and games; providing retail shopping information, including retailer guides, gift finders and gift reminders, via a global communication network; promoting the on-line retail shopping services of others through advertising. |
| 2,352,114 | 5/23/2000 | Providing interactive on-line computer games over computer networks and global communication networks. |
| 2,418,517 | 1/9/2001 | Providing information in the fields of movies and sports via a global computer network. |
| 2,498,608 | 10/16/2001 | Shirts, vests, sweatshirts, shorts, jackets, caps, coats. |
| 2,565,513 | 4/30/2002 | Toys, namely, plush toys, soft sculptured toys. |
| 2,600,020 | 7/30/2002 | [Multiple services in international classes 35, 36, 38, 39, 41, and 42. See Exhibit 1 for detailed list.] |
| 2,608,310 | 8/13/2002 | Computer hardware and peripherals, namely, interface devices for accessing global computer networks; computer operating system software for real-time video games; computer software programs for accessing global computer networks; computer software programs for electronic on-line browsing; computer graphical utilities programs; computer software programs for video image compression and decompression; computer software programs for word text editing; and computer software programs for text management. |

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

5

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

| Reg. No. | Reg. Date | Goods and Services |
|---|---|---|
| 2,751,320 | 8/12/2003 | Informational flyers, pamphlets, instructional manuals, user guides and reference guides, all in the field of television and global communication network entertainment and access and equipment therefor. |
| 2,792,781 | 12/9/2003 | Computer communication services offered to television viewers, namely, providing multiple-user access to a global computer information network; electronic mail services; web messaging; providing chat rooms for the transmission of messages among internet users concerning topics of general interest, television programming and related topics, entertainment, sports and news; electronic on-line services providing a communications link to global interactive networks for the transfer and transmission of messages, documents, images, music, games and data. |

*See* Exhibit 1.  Each of the above-listed registrations for the MSN mark is valid, subsisting, and incontestable under 15 U.S.C. § 1065.

16.    The MSN mark is a famous mark, broadly recognized as a brand identifier for Microsoft's various goods and services provided under that mark.

17.    Since at least October 18, 1983, Microsoft has used in commerce the trademark and service mark WINDOWS® to promote its market-leading computer operating software as well as a variety of computer services.

18.    Since January 10, 1995, Microsoft's WINDOWS trademark has been registered in the United States Patent and Trademark Office, Registration No. 1,872,264, for computer programs and manuals sold as a unit, namely, graphical operating environment programs for microcomputers.  *See* Exhibit 2.  This registration is valid, subsisting, and incontestable under 15 U.S.C. § 1065.

19.    Microsoft also owns the following United States Trademark Registrations for its WINDOWS mark:

| Reg. No. | Reg. Date | Goods and Services |
|---|---|---|
| 1,989,386 | 7/30/1996 | Sound system for personal computers comprising [ circuit board, microphone, ] [ headphones, ] computer programs for recording and generating sounds [ for use therewith ] [ and manuals therefor sold as |

| Reg. No. | Reg. Date | Goods and Services |
|---|---|---|
| | | a unit ]. |
| 2,005,901 | 10/8/1996 | Publications, namely user manuals, instruction guides, reference guides, newsletters, magazines, books about computer programs. |
| 2,212,784 | 12/22/1998 | Arranging and conducting trade shows featuring computers, computer software and computer software related products. |
| 2,463,509 | 6/26/2001 | Mail order and on-line distributorship services featuring computer software and publications on computer hardware and software; on-line retail services featuring computer hardware, software and publications on computer hardware and software; licensing of computer software; arranging and conducting trade shows featuring computers, computer software and computer software related products. |
| 2,463,510 | 6/26/2001 | Computer services, namely providing technical support, information and consultation services in the fields of computer hardware, computer software and computer operating systems, all offered via computer networks and global communications networks; computer hardware and software testing services; computer services, namely providing software updates via computer networks and global communication networks; computer services, namely providing an on-line magazine in the field of computers and computer software; internet search engines services; providing online research services for others in various fields; licensing of intellectual property. |
| 2,463,526 | 6/26/2001 | Providing information over computer networks and global communication networks in the fields of entertainment, music, and interactive games; education services, namely on-line tutorials in the field of computers and computer software. |
| 2,559,402 | 4/9/2002 | Computer game programs; [ electronic game equipment, namely, joysticks, electronic game equipment containing memory devices, namely computer discs for communication with televisions and computers for playing electronic games; ] computer operating software for use in playing computer games. |
| 2,565,965 | 4/30/2002 | Computer programs for use in automobiles, namely, computer programs for monitoring automobile performance, for mapping and navigation, for electronic mail and wireless communications, for maintaining personal directories, contact lists, address and telephone number lists; operating system programs and utilities; computer programs for wallet-sized personal computers, namely, personal information manager programs with calendars, contact information |

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

| Reg. No. | Reg. Date | Goods and Services |
|---|---|---|
| | | files and to do lists; programs for facilitating voice, text and pen input; access programs for global communication networks; computer programs for accessing global communication networks and displaying content therefrom; and computer programs for use with hand-held computers, namely, operating system and utility programs; a full line of business application programs for use with hand-held computers. |

*See* Exhibit 2. Each of these registrations is valid, subsisting, and incontestable under 15 U.S.C. § 1065.

20.    The WINDOWS mark is a famous mark, broadly recognized as a brand identifier for Microsoft's computer software.

21.    The Microsoft Marks, as well as others owned by Microsoft, are used in interstate commerce by Microsoft in connection with the sale, offering for sale, distribution, and advertising of Microsoft's products and services. The Microsoft Marks are distinctive and famous and were distinctive and famous at the time of all acts alleged herein. As a result of Microsoft's enormous investment in developing world-class products and services and promoting those products and services under the Microsoft Marks, the Microsoft Marks have developed extensive goodwill in the market. Accordingly, the Microsoft Marks are extremely valuable and important to Microsoft.

## IV.    MICROSOFT'S INTERNET PRESENCE

22.    Microsoft also maintains a substantial presence on the Internet. Via the Internet, Microsoft advertises its products and services, transacts business with its customers, offers its customers access to many of its services, and provides product support, among other things.

23.    In order to provide its customers with easy access to its online products and services, Microsoft has registered a number of Internet domain names. Many of these domain names correspond to Microsoft's trademarks and service marks. Examples of such domain names are <microsoft.com> and <msn.com>.

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

8

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

24.     Each of these domain names, as well as others registered to Microsoft, resolves to a Microsoft-created website that provides Microsoft's customers with information related to Microsoft's products and services. These websites generate business and goodwill for Microsoft and allow Microsoft to develop and maintain relationships with its customers.

## V.     DEFENDANTS' UNLAWFUL ACTIONS

25.     On information and belief, Defendants are or have been the registrants, users, or owners of Internet domain names that contain or consist of Microsoft's marks or misspellings of those marks (the "Infringing Domain Names"), including but not limited to, <download-msnmessenger.com> and/or <msnmessenger-downloadnow.com>. The Infringing Domain Names incorporate and are confusingly similar to Microsoft's marks. The Infringing Domain Names do not resolve to websites owned or endorsed by Microsoft. Rather, they resolve or at one time resolved to websites registered and controlled by one or more Defendants (the "Infringing Websites").

26.     The Infringing Domain names are likely to lead consumers to mistakenly believe that the websites reached through those domain names are affiliated with or sponsored or approved by Microsoft. Defendants' websites have exploited this confusion by conspicuously displaying Microsoft's MSN trademark.

27.     The Infringing Websites include or at one time included advertisements for emoticon related products. The domain name and the Microsoft trademarks on the Infringing Websites are further likely to cause consumers to mistakenly believe that the emoticon-related products are affiliated with or sponsored or approved by Microsoft. Indeed, some of the websites brazenly claim that these products are a "bonus feature" of Microsoft's messenger products.

28.     The Infringing Websites prominently offer visitors a link to "download" MSN Messenger. But the "download" links do not start a download of the MSN Messenger software. Instead, the visitor is automatically redirected to one or more other websites controlled by Defendants and/or Smiley Central where that user is solicited to download and install emoticon products which are not affiliated with, sponsored by, or approved by Microsoft in any way. A

printout of <smileycentral.com> is attached as Exhibit 3.

29.     Consumers are likely to download the Smiley Central toolbar and emoticons because they mistakenly believe that they are downloading a product produced by or authorized by Microsoft.  These consumers are diverted from the Microsoft website or software they are seeking and Microsoft accordingly loses an opportunity to interact with them.

30.     On information and belief, Defendants use the Infringing Domain Name to profit in bad faith from the Microsoft Marks by using the marks to drive traffic to their websites.

31.     On information and belief, Defendants registered, control, use, or own the Infringing Domain Names.  On further information and belief, Defendants receive a payment each time a website visitor clicks on one of the advertisements or hyperlinks that appears on that website and/or downloads or installs a product such as the Smiley Central toolbar.

32.     Defendants are not affiliated with, or sponsored or approved by, Microsoft and have not been authorized by Plaintiff to use the Microsoft Marks.  Defendants have not now or ever been authorized by Plaintiff to use or register any name or mark that includes the Microsoft Marks.

33.     Defendants' registration, trafficking, and/or use of the Infringing Domain Names is primarily to capitalize on the goodwill associated with the Microsoft Marks.

34.     In addition to registering and using their own Infringing Domain Names, the Named Defendants have actively and intentionally induced others ("Induced Persons") to profit in bad faith from and to capitalize on the goodwill associated with the Microsoft Marks by following a similar methodology of registering and using numerous other domain names that contain or consist of Microsoft's marks.  Defendants even showed or otherwise provided Induced Persons a model or example of deceptive website content likely to cause consumers to mistakenly believe that the emoticon-related products are part of Microsoft's messenger programs or otherwise affiliated with or sponsored or approved by Microsoft.

35.     On information and belief, the Named Defendants communicated with tens of thousands of persons to whom they provided information via Defendants' own website showing how Microsoft marks could be misleadingly used both in domain names and on websites to

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

10

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

deceive consumers into thinking they could or were downloading MSN Messenger when in fact they would be directed to download the Smiley Toolbar.  But Defendants went even further than providing instruction by suggesting content for how to misleadingly use Microsoft marks. Defendants also provided a ready method for Induced Persons to implement such a scheme. Defendants' provided a link on their website to Neverblue, an internet company through which Induced Persons could direct confused consumers to the Smiley Toolbar and then be paid through Neverblue for doing so.  On information and belief, Defendants were paid by Neverblue for each person who Defendants referred to and who signed up and did business with Neverblue.

36.     On information and belief, Defendants also sold an internet advertising product called the Magic Bullet System that incorporated specific software that would enable persons to easily create landing pages on their own websites that incorporated Microsoft marks.  Indeed, in promoting their Magic Bullet System, Defendants produced a video specifically showing how the Magic Bullet System could be used to set up a marketing campaign using Microsoft marks to sell the Smiley emoticons.

37.     In that video, the Named Defendants' "Messenger Update" campaign was described as one that "looks like I'm promoting something related to Messenger."  The video then showed a landing page at <download-msnmessenger.com> titled "Download MSN Messenger" and "100% Free Download" and contained content "all about MSN Messenger." Users were then instructed to create several tabs, such as "About MSN Messenger," with "a pitch on every one."  According to the video, one or more pages within the <download-msnmessenger.com> website, such as the page that appeared when a visitor clicks on the "About MSN Messenger" tab, should have "a big download button [that] says Download MSN Messenger."  Placing a large download button at the of the page is important because visitors' "first instinct is to click this button."  When the button is clicked, visitors are directed to Smiley Central and Defendants are paid $3.50 per download of the toolbar.

38.     Another video instructed users on how to create campaigns with the Magic Bullet software.  This process included entering a site url such as <msnmessenger-downloadnow.com>, selecting ad-words, and using the blog and landing page builder to create a landing page.  The

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

11

Named Defendants also instructed users to include a blog title, such as "Download MSN Messenger," and a description, such as "100% Free MSN and Smiley Downloads."  Because users created landing pages using the Magic Bullet software's provided content and pre-defined templates or by otherwise copying from Named Defendants' Infringing Websites, the resulting websites were and are similar in appearance to the Named Defendants' Infringing Website(s), and also infringe Microsoft's marks.  Indeed, the Magic Bullet software includes "the same exact theme that we used for the Smiley campaign."

39.     On further information and belief, Defendants received $3,000 from each purchaser of the Magic Bullet system.  On further information and belief, Named Defendants generated over $5 Million in revenue in 2009 following their methodology incorporated into their Magic Bullet system.

40.     On information and belief, Defendants Digispace Solutions and yMultimedia market technologies such as Revenue Logic and Magic Bullet, which allow users to "leverage [their] campaigns against competitors, increase [their] reach and conversions across different verticals, and maximize both [their] sales stream and revenue."

41.     On information and belief, the Named Defendants intentionally induced others to unlawfully use Microsoft's marks in domain names and in an infringing or diluting manner on websites.  Based on information and belief, a large number of infringing and diluting domains and websites were created as a result of the Named Defendants' encouragement, including but not necessarily limited to the following:

| | |
|---|---|
| download-free-msn-messenger.com | msn-download-messenger.com |
| downloadlivemsnmessenger.com | msn-download-messengertoday.com |
| downloadmsnlivemessenger.com | msn-freedownloads.com |
| download-msn-live-messenger.com | msn-livemessenger.com |
| download-msnmessenger.com | msn-live-messenger-download.com |
| downloadmsn-messenger.com | msn-messenger.com |

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

| | |
|---|---|
| download-msn-messenger.info | msnmessenger-2010.com |
| downloadmsnmessenger.net | msnmessenger9.info |
| download-msnmessenger.net | msnmessengerdl.com |
| downloadmsn-messenger.net | msnmessengerdownload.biz |
| download-msn-messenger.net | msn-messengerdownload.com |
| downloadmsnmessenger.org | msnmessenger-download.net |
| download-msnmessenger.tk | msnmessengerdownload.org |
| download-msn-messenger-for-free.com | msnmessenger-downloader.com |
| downloadmsnmessengerfree.com | msnmessenger-downloadfree.com |
| download-msnmessenger-free.com | msn-messenger-downloadfree.com |
| download-msnmessenger-msn.com | msnmessenger-downloadnow.com |
| download-msnmessenger-now.com | msnmessengerdownloads.com |
| download-msn-messenger-now.com | msnmessengerdownloads.com |
| download-msnmessengerr.com | msnmessenger-downloads.com |
| downloadwindowsmessenger.com | msn-messenger-downloads.net |
| downloadwindowsmessengerfree.com | msnmessenger-free.com |
| downloan-msn-messenger.com | msn-messenger-free.com |
| easy-download-msn-messenger.com | msnmessengerfreedownload.com |
| freedownloadmsnmessenger.net | msnmessenger-freedownload.com |
| freedownloadmsnmessenger85.com | msn-messenger-free-download.com |
| freemsnmessengerdownload.com | msnmessengerinstall.com |
| free-msnmessenger-download.com | msnmessengers-download.com |
| get-free-msn-messenger.com | msnwebmessenger.org |
| getmsnmessenger.com | msn-windowsmessenger.com |
| get-msn-messenger.net | msn-windows-messenger.com |

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

13

| installmsn-messenger.com | officialmsnmessenger.com |
|---|---|
| messengerdownload-msn.com | windowslivemessengerfree.com |
| msndownloadmessenger.com | |

## FIRST CLAIM FOR RELIEF
### (Cybersquatting and Contributory Cybersquatting under the Anti-Cybersquatting Consumer Protection Act –15 U.S.C. § 1125(d))

42.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 41 above.

43.    The Microsoft Marks were distinctive at the time Defendants registered the Infringing Domain Names and Induced Persons registered their infringing domain names and remain distinctive today.

44.    The Microsoft Marks were famous at the time Defendants registered the Infringing Domain Names and Induced Persons registered their infringing domain names and remain famous today.

45.    Defendants' Infringing Domain Names and the domain names registered by Induced Persons are identical or confusingly similar to or dilutive of the Microsoft Marks at the time Defendants registered their Infringing Domain Names and Induced Persons registered their domain names, and remain so today.

46.    Defendants have registered, trafficked in, and/or used the Infringing Domain Names with bad faith intent to profit from the Microsoft Marks, and induced the Induced Persons to register and use infringing domain names with the knowledge the Induced Persons would profit in bad faith from their use of the Microsoft Marks.

47.    As a result of their wrongful conduct, Defendants are liable to Microsoft for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

14

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

## SECOND CLAIM FOR RELIEF
### (Trademark and Contributory Trademark Infringement Under the Lanham Act – 15 U.S.C. § 1114)

48.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47 above.

49.    Defendants have used and intentionally induced others to use the Microsoft Marks in interstate commerce.

50.    Defendants' use of the Microsoft Marks and intentional inducement of others to use the Microsoft Marks is likely to cause confusion, or to cause mistake, or to deceive.

51.    Defendants' wrongful and unauthorized use and inducement of others' wrongful and unauthorized use of the Microsoft Marks and counterfeits of the Microsoft Marks to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114 *et seq.*

## THIRD CLAIM FOR RELIEF
### (False Designation and Contributory False Designation of Origin Under the Lanham Act – 15 U.S.C. § 1125(a))

52.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51 above.

53.    Defendants' and Induced Persons' use of the Microsoft Marks in connection with goods or services in commerce are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Induced Persons with Microsoft, or as to the origin, sponsorship, or approval of Defendants' or Induced Persons' goods, services, or commercial activities with Microsoft.

54.    As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(a).

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

15

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

1

2

## FOURTH CLAIM FOR RELIEF
**(Dilution and Contributory Dilution Under the Lanham Act – 15 U.S.C. § 1125(c))**

3

4

55.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 54 above.

5

6

7

56.     Defendants' or Induced Persons' use of one or more of the Microsoft Marks in commerce commenced after such marks became famous within the meaning of 15 U.S.C. § 1125(c).

8

9

57.     Defendants' or Induced Person's use of the Microsoft Marks in commerce is likely to cause dilution by blurring or dilution by tarnishment of the Microsoft Marks.

10

11

12

58.     Upon information and belief, Defendants willfully intended to trade on the recognition of the Microsoft Marks and to have Induced Persons trade on the recognition of the Microsoft Marks.

13

14

59.     As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(c).

15

16

## FIFTH CLAIM FOR RELIEF
**(Unfair Business Practices - RCW § 19.86 *et seq.*)**

17

18

60.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 59 above.

19

20

21

22

61.     Defendants' use of the Microsoft Marks to promote, market, or sell products and services constitutes an unfair business practice pursuant to RCW § 19.86 *et seq.*  Defendants' use of the Microsoft Marks is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Microsoft.

23

62.     Defendants' actions violate RCW Ch. 19.86 *et seq.*

24

25

## SIXTH CLAIM FOR RELIEF
**(Washington Common Law Unfair Competition)**

26

27

63.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 62 above.

28

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

16

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

64.     Defendants' use of the Microsoft Marks has infringed on their distinctive features in a manner that tends to confuse, in the public mind, Microsoft's products and/or advertising with the products and/or advertising of others.

65.     The acts of Defendants complained of herein constitute unfair competition in violation of Washington common law.

## SEVENTH CLAIM FOR RELIEF
### (Washington Common Law Unjust Enrichment)

66.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 65 above.

67.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Microsoft's expense in violation of Washington common law.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants as follows:

1.     That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

a)     infringing Microsoft's trademarks and service marks;

b)     using Microsoft's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Microsoft;

c)     registering, using, or trafficking any domain names that are identical or confusingly similar to Microsoft's marks, including but not limited to domain names containing Microsoft's marks and domain names containing misspellings of Microsoft's marks; and

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

1

d)    assisting, aiding, or abetting any other person or business entity in

2

engaging in or performing any of the activities referred to in

3

subparagraphs a) through c) above.

4

2.    That the Court order the forfeiture or cancellation of the Infringing Domain Name

5

or the transfer of the Infringing Domain Name to Microsoft;

6

3.    That the Court award Microsoft all damages caused by Defendants' unlawful acts;

7

4.    That the Court award Microsoft treble damages as provided by law;

8

5.    That the Court award Microsoft all gains, profits, and advantages derived by

9

Defendants from their unlawful acts;

10

6.    That the Court award Microsoft treble the gains, profits, and advantages derived

11

by Defendants from their unlawful acts;

12

7.    That the Court award Microsoft statutory damages of $100,000 for each of

13

Defendants' Infringing Domain Names and each of Induced Persons' infringing domain names;

14

8.    That the Court award Microsoft its attorneys' fees and costs incurred herein,

15

including prejudgment and post-judgment interest; and

16

9.    That the Court grant Microsoft all other relief to which it is entitled and such

17

other or additional relief as is just and proper.

18

## **DEMAND FOR JURY TRIAL**

19

Plaintiff Microsoft hereby demands a trial by jury in this action.

20

21

| DATED April 15, 2010 | Respectfully submitted,<br>Orrick, Herrington & Sutcliffe LLP |
|---|---|
| | By: s/ Mark S. Parris |
| | Mark Parris (Bar No. 13870)<br>Jeffrey Cox (Bar No. 37534) |
| | *Attorneys for Plaintiff*<br>MICROSOFT CORPORATION |

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

18

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

OHS West:260888580.1

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

19

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300